UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

RENE PARAJON,

    Plaintiff,

v.

UNIVERSAL ENVIRONMENTAL PRODUCTS, INC.
A Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff RENE PARAJON, (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues Defendant UNIVERSAL ENVIRONMENTAL PRODUCTS, INC. (hereinafter "Defendant"), a Florida Profit Corporation, and states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of the Americans with Disabilities Act (ADA), the Americans with Disabilities Act Amendments Act (ADAAA) 42 U.S.C. §§ 12101 *et seq.*, the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11, and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*.

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the United States Court for the Southern District of Florida because Plaintiff was employed by Defendants in this District; because Defendants at all material times, conducted and continue to conduct business in the Southern District of Florida; because the

1

acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

## PARTIES

4. Plaintiff at all times pertinent to this Complaint, resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

5. Plaintiff is a member of a class protected under the ADA, and ADAAA, and the FCRA in that he was subjected to dismissal from employment based on his disability or perceived disability and in retaliation for his requests for an accommodation.

6. Plaintiff was an employee covered by the FMLA in that he was employed for at least 12 months and at least 1,250 hours prior to his request for leave. Plaintiff is therefore an "employee" under 29 U.S.C. § 2611(2).

7. Defendant is a Florida Profit Corporation organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida. Specifically, Plaintiff worked at Defendant's principal place of business in Doral, Florida.

8. Defendant has, at all times material, employed 50 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with 29 U.S.C. § 2611(4)(A)(iii), Title VII, the ADA, ADAAA, and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

9. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination ("Charge") against Defendant with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.

10. Plaintiff's Charge was filed on or about October 29, 2021. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

11. Plaintiff was terminated from his position on or about October 1, 2021. His charge was therefore timely filed.

12. Plaintiff was issued a Notice of Right to Sue on July 14, 2022. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

13. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

14. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS

15. Plaintiff was an employee of Defendant continuously as a logistics supervisor from on or about June 2020 through on or about October 1, 2021.

16. On or about July 6, 2021, Plaintiff developed diabetic retinopathy, a medical condition that is caused by damage to the blood vessels in the tissue at the back of the eye (retina). As a result of this condition, Plaintiff experiences issues with his vision including floaters, blurriness, and partial blindness.

17. This condition is a disability under the ADA, the ADAAA, and the FCRA in that it substantially impairs Plaintiff's vision, at minimum. The ability to see is considered a "major life activity" as defined by the ADA and ADAAA.

18. On or about July 6, 2021, Plaintiff was experiencing blindness and was scheduled to undergo surgery two days later.

19. On or about July 7, 2021, Plaintiff verbally advised both the president of the company, Korky Korkmaz (hereinafter "Korkmaz"), and vice president of the company, Marvin Carransa (hereinafter "Carransa") of his condition and requested 2 days off work to undergo surgery.

20. On or about July 8, 2021, Plaintiff underwent his first surgery on his right eye. He returned to work about two days after the surgery with limited visibility on his right eye.

21. On or about July 14, 2021, Plaintiff was experiencing blindness in his left eye from the stress put on only using one eye. That same day, Plaintiff requested leave in connection with the blindness he was experiencing.

22. On or about July 21, 2021, Plaintiff underwent his second surgery. After his surgery, Plaintiff was legally blind for about one month.

23. Plaintiff advised Korkmaz over the phone and requested 1-2 months off work for his recovery.

24. On or about September 27, 2021, Plaintiff contacted Korkmaz and Carransa via text to advise that he was cleared to return to work. Pursuant to his doctor's orders, Plaintiff requested temporary schedule limitations to ensure Plaintiff's full recovery as a reasonable accommodation.

25. On October 1, 2021, while he waited to be reinstated, Plaintiff was contacted by Korkmaz and was advised that he was being terminated.

26. Prior to his termination, Plaintiff was not previously disciplined and was not advised of his risk of termination.

27. Defendant's alleged reason(s) for Plaintiff's termination, if any, are pretextual as Plaintiff was in fact terminated from employment with Defendant as a result of his condition(s) and within days of his reasonable requests for accommodation.

28. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's requests for accommodation and/or disability were a motivating factor in the decision for the adverse employment action.

29. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

30. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
## DISABILITY DISCRIMINATION
## UNDER THE ADA AND ADAAA

31. Plaintiff incorporates herein the allegations in paragraphs 1-30, inclusive, as though same were fully re-written, and says:

32. Title I of the ADA and the ADAAA prohibit employers from taking adverse employment action against an employee as a result of his actual disability, as a result of an employee's record of having such disability, and/or because the employer regards the employee as disabled, and further requires employers to reasonably accommodate the actual disabilities and/or records of such disabilities of their employees.

33. Plaintiff was at all times qualified to perform the essential functions of his job as a logistics supervisor with or without a proposed reasonable accommodation. Plaintiff is therefore a "qualified individual" as that term is defined in the (ADAAA), § 101(8) (42 U.S.C. § 12111(8)).

34. The adverse and disparate treatment to which Plaintiff was subjected by Defendant including but not limited to Plaintiff's termination, was the direct and proximate result of Plaintiff's actual

disability/disabilities, which substantially limited him in one or more major life activity and/or Plaintiff's record of having such disability.

35. Defendant's alleged bases for its adverse treatment of Plaintiff, including, but not limited to, Plaintiff's termination is pretextual and asserted only to cover up the discriminatory nature of its conduct.

36. Even if Defendant could assert legitimate reasons for its adverse treatment of Plaintiff, including, but not limited to, Plaintiff's termination, which reasons it did not/does not have, Plaintiff's actual disability and/or Plaintiff's record of having such a disability were also motivating factors for Defendant's adverse treatment of Plaintiff.

37. As a result of the disparate conduct to which Plaintiff was subjected, including his termination, Plaintiff has experienced, and will continue to experience, significant financial and economic loss. To that end, Plaintiff demands reinstatement of his formerly held (or equivalent) position as permitted by law, reinstatement of benefits/seniority, and injunctive and/or declaratory relief.

38. Plaintiff alleges that Defendant's actions were done with malice, and with disregard for his protected rights under the ADA and the ADAA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Korkmaz, Carransa, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

   WHEREFORE, Plaintiff requests judgment against Defendant for:

      A.    Actual damages as a result of Defendant's discriminatory actions;

      B.    Punitive damages due to Defendant's willful behavior;

      C.    Compensatory damages;

      D.    Injunctive relief where feasible;

  E. Attorney's fees;

  F. Costs of this action; and

  G. Any other relief this Court deems proper.

**COUNT II**
**FAILURE TO ACCOMMODATE IN VIOLATION**
**OF THE ADA AND ADAAA**

39. Plaintiff incorporates herein the allegations in paragraphs 1-30 inclusive, as though same were fully re-written, and says:

40. Plaintiff is disabled as he was diagnosed with diabetic retinopathy that limited his ability to see.

41. Plaintiff is, and at all times was, qualified to perform the essential functions of her job with or without a proposed reasonable accommodation. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans with Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

42. The ADA and the ADAAA prohibit employers from taking adverse employment action against an employee as a result of his actual disability, as a result of an employee's record of having such disability, and/or because the employer regards the employee as disabled, and further requires employers to reasonably accommodate the actual disabilities and/or records of such disabilities of their employees.

43. Defendant failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADAAA, § 101(9). Plaintiff requested leave from July 14, 2021, to September 2021. On September 27, 2021, Plaintiff was able to return to work with schedule limitations until he was fully recovered.  This request was reasonable and would not have caused Defendant undue hardship.

44. The adverse treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination, as set forth above, was the direct and proximate result of Plaintiff's actual disability, which substantially limited him in one or more major life activity and/or Plaintiff's record of having such disability.

45. Defendant's alleged bases for its adverse treatment of Plaintiff if any, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

46. Defendant's stated reason for terminating Plaintiff—is not based on any known facts in this case.

47. Even if Defendant could assert legitimate reasons for its adverse treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's actual disability and/or Plaintiff's record of having such a disability were also motivating factors for Defendant's adverse treatment of Plaintiff.

48. Defendant engaged in unlawful employment practices in violation of 42 USC §2000e-2 by discriminating against Plaintiff because of his disability by terminating him because of his condition under the circumstances described above.

49. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages and benefits, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

50. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

51. Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

**WHEREFORE,** Plaintiff requests judgment against Defendant as follow:

    A. Actual damages as a result of Defendant's discriminatory actions;

    B. Punitive damages due to Defendant's willful behavior;

    C. Compensatory damages;

    D. Injunctive relief where feasible;

    E. Attorney's fees;

    F. Costs of this action; and

    G. Any other relief this Court deems proper.

## COUNT III
## VIOLATION OF THE ADA AND ADAAA
## (RETALIATION)

52. Plaintiff incorporates herein the allegations in paragraphs 1-30, inclusive, as though same were fully re-written, and says:

53. On or about September 27, 2021, Plaintiff requested reasonable accommodations for his limitations. This request was made to Korkmaz and Carransa, who knew of Plaintiff's condition.

54. As a direct result of Plaintiff's requests for a reasonable accommodation, Plaintiff was subjected to disparate treatment and adverse employment action.

55. Plaintiff's termination constitutes adverse employment action(s) under the ADA and ADAAA.

56. Plaintiff alleges that Defendant's actions were done with malice, and with disregard for his protected rights under the ADA and ADAAA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

57. Defendant's states reason(s) for denying Plaintiff's request for accommodation is pretextual.

58. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's requests for reasonable accommodation, was a motivating factor in the decision for the adverse employment action(s).

**WHEREFORE,** Plaintiff requests that:

A. The Court award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the ADA and ADAAA.

B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT IV
## HANDICAP/DISABILITY DISCRIMINATION UNDER THE FCRA

59. Plaintiff incorporates herein the allegations in paragraphs 1-30, inclusive, as though same were fully re-written, and says:

60. Section 760.10 of the FCRA states in relevant part:

> (1) it is unlawful employment practice for an employer: (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

61. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of his actual handicap/disability, as a result of an employee's record of having such handicap/disability, and/or because the employer regards the employee as

handicapped/disabled, and further requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

62. Specifically, Plaintiff alleges that Defendant wrongfully denied his reasonable requests for an accommodation and terminated him.

63. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination, as set forth above, was the direct and proximate result of Plaintiff's actual disability, which substantially limited him in one or more major life activities, and/or Plaintiff's record of having such disability.

64. Defendant's alleged bases for its adverse treatment of Plaintiff are pretextual and asserted only to cover up the discriminatory nature of its conduct.

65. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's actual handicap(s)/disability and/or requests for accommodation were also motivating factors for Defendant's adverse treatment of Plaintiff.

66. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

67. Based on information and belief, Plaintiff alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of

Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (RETALIATION)

68. Plaintiff incorporates herein the allegations in paragraphs 1-30, inclusive, as though same were fully re-written, and says:

69. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq.* for Defendant's retaliatory conduct.

70. On or about September 27, 2021, Plaintiff made a request for reasonable accommodations for his disability. This request for reasonable accommodation was protected activity under the FCRA.

71. Defendant knew of Plaintiff's disability and his request as Plaintiff made these requests to both Korkmaz and Carransa.

72. As a direct result of Plaintiff's requests, Defendant terminated Plaintiff without valid cause after his request.

73. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, and has suffered emotional distress and damage.

74. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

75. Plaintiff alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Korkmaz, Carransa and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

76. Defendant's alleged reason(s) terminating Plaintiff are pretextual as described above.

77. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's disability and/or requests for accommodation were a motivating factor in the decision for the adverse employment action(s).

78. Plaintiff further seeks his attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. Any other relief this Court deems proper.

## COUNT VI
## VIOLATION OF THE FMLA
## (INTERFERENCE)

79. Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1-30 above as though the same were fully set forth herein.

80. This is an action under the Family and Medical Leave Act of 1993 [29 U.S.C. §§ 2601 et seq.] for retaliation in violation of 29 U.S.C. § 2615(a)(1).

81. Plaintiff was eligible for FMLA leave due to his serious health condition pursuant to 29 U.S.C. § 2612(a)(1)(D).

82. He requested leave pursuant to the statute and provided all the information required by the Defendant.

83. Plaintiff gave sufficient notice to his employer of his need for leave under the FMLA. Such leave was approved by Defendant.

84. Under the FMLA, 29 U.S.C. § 2614(a), Plaintiff had the right to take up to twelve (12) workweeks of leave under the Act.

85. On or about July 14, 2021, Plaintiff requested leave for one to two months depending on his recovery.

86. Plaintiff's requested leave was approved by Korkmaz. Plaintiff was not advised of his FMLA rights and/or requested to provide documentation.

87. On or about September 27, 2021, approximately nine weeks from his approved leave, Plaintiff notified Korkmaz that he was ready and able to return to work.

88. On October 1, 2021, while Plaintiff was waiting to be reinstated, Defendant terminated Plaintiff's employment.

89. Plaintiff's termination constitutes an adverse employment action.

90. The fact that Plaintiff took leave was a "protected activity" under the FMLA.

91. Plaintiff's leave was, at minimum, a motivating factor in Defendant's decision to terminate his employment.

92. Defendant's purported reason(s) for terminating Plaintiff are pretextual.

93. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of other employees. Therefore, the actions of Defendant's employees should be imputed to Defendant.

94. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should he recover damages from the Defendant.

**WHEREFORE,** Plaintiff requests judgment for:

  A. Adjudge and decree that the Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

  B. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of the Defendant's violation of the FMLA, all as provided in 29 U.S.C. §2617;

  C. Interest on the amount found due;

  D. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

  E. Plaintiff's costs of suit herein together with reasonable attorney's fees incurred in this action; and

  F. Such other relief as the Court deems just and proper.

## COUNT VII
## VIOLATION OF THE FMLA
## (RETALIATION)

95. Plaintiff re-alleges and re-avers the allegations in paragraphs 1-30 above as though the same were fully set forth herein.

96. This is an action under the Family Medical Leave Act of 1993 [29 U.S.C. §§ 2601 et seq.] for retaliation in violation of 29 U.S.C. § 2615(a)(1).

97. Plaintiff was an employee covered by the FMLA in that he was employed for at least 12 months and at least 1,250 hours prior to her for her serious medical condition. Plaintiff is therefore an "employee" under 29 U.S.C. § 2611(2).

98. At all times relevant hereto, Defendant was a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A)(iii) in that it employed over 50 employees in 20 or more workweeks in the current or preceding calendar year.

99. Plaintiff gave sufficient notice to his employer of his need for leave. Specifically, on or about July 14, 2021, Plaintiff requested leave for one to two months depending on his recovery.

100. Plaintiff's requested leave was approved by Korkmaz. Plaintiff was not advised of his FMLA rights and/or requested to provide documentation.

101. Plaintiff did take leave from July 14, 2021, through September 27, 2021.

102. On or about September 27, 2021, approximately nine weeks from his approved leave, Plaintiff notified Korkmaz that he was ready and able to return to work.

103. On October 1, 2021, prior he was allowed to return to work, Defendant terminated Plaintiff's employment.

104. The fact that Plaintiff requested leave was a "protected activity" under the FMLA.

105. Plaintiff's leave request was, at minimum, a motivating factor in Defendant's decision to terminated Plaintiff's employment.

106. Defendant's purported reason(s) for terminating Plaintiff are pretextual.

107. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of other employees. Therefore, the actions of Defendant's employees should be imputed to Defendant.

108. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should he recover damages from Defendant.

**WHEREFORE,** Plaintiff requests:

  A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

  B. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, all as provided in 29 U.S.C. § 2617;

  C. Interest on the amount found due;

  D. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

E. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

F. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff RENE PARAJON demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: September 14, 2022

**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive
Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

By: */s/ Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: */s/ Juan J. Perez*
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com